IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 25, 2026

**STATE OF TENNESSEE v. JOSHUA F. LINEBARGER**

**Appeal from the Criminal Court for Knox County**
**Nos. 124688, 124923, 124871, 125415    Steven W. Sword, Judge**

_____

**No. E2025-00170-CCA-R3-CD**

_____

Defendant, Joshua F. Linebarger, pleaded guilty to two counts of felony theft, reckless burning, and assault. For his convictions, the trial court ordered Defendant to serve an effective ten-year sentence on supervised probation. Less than two months after the judgments were entered, a violation of probation warrant was issued. Defendant submitted to the violations, and the trial court held a hearing to determine the consequence of his violations. The trial court fully revoked Defendant's probation and ordered Defendant to serve his sentences. Defendant appeals. Having reviewed the record and the briefs of the parties, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which J. ROSS DYER and TOM GREENHOLTZ, JJ., joined.

Gerald L. Gulley, Jr. (on appeal); Donald T. Christmas (at revocation hearing), Knoxville, Tennessee, for the appellant, Joshua F. Linebarger.

Jonathan Skrmetti, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Charme P. Allen, District Attorney General; and Marissa Pecora, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In May of 2023, Defendant was indicted in case number 124688 for theft of property valued at $10,000 or more but less than $60,000, resisting arrest, and driving on a revoked license; in case number 124871 for theft of property valued at $60,000 or more but less than $250,000; in case number 124923 for reckless burning and evading arrest; and in case

number 125415 for assault. On July 24, 2023, Defendant pleaded guilty in case number 124688 to theft of property valued at $2,500 or more but less than $10,000 with the remaining counts dismissed; in case number 124871 to theft of property valued at $10,000 or more but less than $60,000; in case number 124923 to reckless burning with the remaining count dismissed; and in case number 125415 to assault. For his convictions, Defendant received a total effective sentence of ten years to be served on supervised probation.

On September 15, 2023, a probation violation warrant issued, alleging that Defendant violated four rules of probation: by committing the new offenses of arson and criminal trespass; by changing his address without notifying his probation officer; by failing "to follow his officer's instructions and exit[ing] the probation office"; and by failing to submit to a drug screen as directed. The trial court's minutes from September 6, 2024, show that Defendant "submit[ted] to the [v]iolation of [p]robation [w]arrant." A hearing was set to determine the consequence of the violations.

At the revocation hearing, Defendant acknowledged that he had a pending charge for arson, for which he had been incarcerated for about one year at the time of the hearing. He testified that when he was sixteen or seventeen years old, he was placed in state custody for unruly behavior. He admitted to having used marijuana and alcohol. Defendant agreed that he had a criminal history and testified that "it started out small" with "misdemeanor theft offenses" but nothing "violent." Defendant first went to prison at the age of nineteen for a robbery that he committed with his father of a pain management clinic where his family worked. After he was released on parole, he lived with his grandparents and enrolled in college at Pellissippi State to study civil engineering. While in college, his girlfriend had a stillborn child, and he began taking "pain pills" for a "weightlifting accident[,]" which escalated to Defendant's using illegal drugs and becoming homeless. Defendant testified that he had anxiety and PTSD from having "been stabbed." Defendant explained that the reckless burning conviction for which he was currently on probation happened when he gathered and set fire to some trash to keep warm and it caught a Food City grocery store on fire. Defendant was using drugs at the time.

Defendant testified he would "probably be dead" if he was not currently incarcerated. Defendant had attempted a drug rehabilitation program at True Purpose Ministries once, but he left after "a few days[.]" Defendant believed he "wouldn't make it very long" if he were released from incarceration because he would "probably get with a girl at one of the little campsites using again and getting high." Instead, Defendant said he needed "rehabilitation and a reintegration" as well as mental health treatment. Defendant thought he "might have another kid out there." He testified he wanted to "take care of [his] family" and "make amends with what [he had] done wrong[.]"

On cross-examination, Defendant acknowledged his criminal history, which included a prison sentence for robbery, convictions for having contraband in a penal facility, failure to appear, and felony theft, as well as the offenses for which he was currently on probation and the pending arson charge.

In its ruling, the trial court found that Defendant "obviously has significant issues." The court "suspect[ed] [Defendant's] mental health issues contribut[ed] to the drug abuse issues that he has." The court found that Defendant's pending arson charge and prior reckless burning conviction, as well as "multiple felony thefts," posed a risk to the public. The court said it could not, "in good conscience," reinstate Defendant's probation. The court observed, "Probation is TDOC. Prison is TDOC. It is the same agency. They have the exact same resources available to them, whether TDOC's doing it on probation [or] they're doing it in custody." The court noted that Defendant's release eligibility on his current offenses was less than two years away. The trial court revoked Defendant's probation and ordered him to serve the remainder of his sentences incarcerated with credit for time served. The court entered orders of revocation in all four case numbers on October 24, 2024.

Defendant filed an untimely notice of appeal, which this Court ultimately waived.[1]

### *Analysis*

Defendant contends that the trial court abused its discretion by fully revoking his probation and ordering him to serve his sentence incarcerated. Defendant argues the trial court failed to consider sufficiently and on the record alternatives to incarceration.

The State initially argues that Defendant has waived the issue by failing to provide an adequate appellate record. The technical record contains a minute entry from the Knox County Criminal Court from September 6, 2024, indicating that Defendant "submit[ted]" to the violation warrant. The State asserts that without a transcript of what occurred at this hearing, this Court is unable to conduct a proper appellate review. *See* Tenn. R. App. P. 24(b) (noting that "the appellant shall have prepared a transcript of such part of the

---

[1] Defendant filed a request to waive the timely filing requirement with his late notice of appeal. By order dated February 14, 2025, this Court deferred ruling on Defendant's waiver request and directed Defendant to supplement his pleading with file-stamped copies of the judgments and revocation orders within thirty days. On March 19, 2025, this Court entered an order denying Defendant's waiver request and dismissing the appeal, noting that Defendant had filed a response to the previous order that did not include the requested supplemental materials. On March 24, 2025, Defendant filed an amended notice of appeal, which was postmarked March 10, 2025, and contained the requested materials. We deemed the amended notice a timely response to the February 14 order and waived the timely filing of Defendant's notice of appeal. Accordingly, we vacated the order dismissing Defendant's appeal.

evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal.").

Despite the absence of a transcript of the proceeding at which Defendant submitted to the violations,[2] the record contains a transcript of the hearing at which the trial court determined the consequences of Defendant's violations, which is precisely what Defendant challenges on appeal. The State acknowledges as much. Therefore, we will consider the issue.

If a trial court places sufficient findings and the reasons for its decisions as to the consequence on the record, this Court's standard of review is abuse of discretion with a presumption of reasonableness. *State v. Dagnan*, 641 S.W.3d 751, 759 (Tenn. 2022). "A trial court abuses its discretion when it applies an incorrect legal standard, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." *State v. Davis*, 466 S.W.3d 49, 61 (Tenn. 2015) (citations omitted).

Probation revocation is a two-step consideration in which the trial court makes two distinct determinations. *Dagnan*, 641 S.W.3d at 753. First, the court determines whether to revoke probation; if so, the court must determine the consequences which shall apply upon revocation. *See id*. at 757. When deciding what consequence to impose upon revocation, the trial court should consider factors such as "the number of revocations, the seriousness of the violation, the defendant's criminal history, and the defendant's character." *Id*. at 759 n.5.

A trial court may revoke a defendant's probation upon a finding by a preponderance of the evidence that a defendant has violated the conditions of probation. T.C.A. §§ 40-35-310(a), -311(e)(1). Upon finding that a defendant has violated probation, the trial court may: (1) order incarceration for some period of time; (2) cause execution of the sentence as it was originally entered; (3) extend the defendant's probationary period not exceeding one year; (4) return the defendant to probation on appropriate modified conditions; or (5) resentence the defendant for remainder of the unexpired term to a sentence of probation. T.C.A. §§ 40-35-308(c)(1), (2); -310; - 311(e)(1), (2).

Defendant asserts that the trial court abused its discretion by failing to consider alternatives to incarceration, noting simply that opportunities for treatment exist on probation and in incarceration. The trial court observed that Defendant had "significant

---

[2] The State presumes that a "hearing" was held, which the State asserts "is the best evidence of the nature and seriousness of [Defendant]'s multiple violations." There is nothing in the record to indicate that any testimony or other evidence was presented, only that Defendant did not contest the violations.

issues." The court noted, "I suspect those mental health issues contribut[ed] to the drug abuse issues that [Defendant] has." The court then noted the seriousness of the new offense, "a pending C felony arson[,]" and the similarity of the offense with Defendant's prior reckless burning conviction. The court also noted Defendant's criminal history, including his "multiple felony thefts[.]" Finally, the court determined that Defendant posed a "risk [to] the community" and concluded that he was not a suitable candidate for further probation.

The record supports the trial court's determination. The trial court considered the appropriate factors and did not abuse its discretion when it revoked Defendant's probation in full. Defendant is not entitled to relief.

CONCLUSION

Based on the foregoing, we affirm the judgments of the trial court.


_S/Timothy L. Easter_
TIMOTHY L. EASTER, JUDGE